UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                       Criminal Case No. 00-80778
                                                Civil Case No. 08-13974

v.

                                                HONORABLE DENISE PAGE HOOD

DAMON DUNBAR,

    Defendant-Petitioner.
_____/

**ORDER DENYING MOTION UNDER 28 U.S.C. §2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

This matter is before the Court on Petitioner Damon Dunbar's Motion to Vacate and Set Aside Judgment, pursuant to 28 U.S.C. § 2255 **[Docket No. 88, filed Sept. 12, 2008]**. On January 20, 2009, the Respondent filed a Response **[Docket No. 92]**, which it later supplemented **[Docket No. 93]**. For the reasons that follow, Petitioner's Motion is **DENIED**.

This case has quite an extensive history, the underlying facts of which have previously been addressed in *United States v. Dunbar*, 357 F.3d 582 (6th Cir. 2004). In sum, Petitioner Damon Dunbar was convicted by jury of one count of distribution of cocaine base and two counts of distribution of heroin, all in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Petitioner to serve a period of incarceration of 151 months on each count, to be served concurrently.

Petitioner appealed his judgment of conviction as of right, raising two issues before the United States Court of Appeals for the Sixth Circuit, Case No.02-1766. In his appeal of right, Petitioner asserted that his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161 *et*

*seq.*, was violated and that this Court erred in calculating the amount of drugs for sentencing purposes. On February 9, 2004, the Sixth Circuit Court of Appeals affirmed Petitioner's convictions. The original 151-month sentence was also affirmed. *United States v. Dunbar*, 357 F.3d 582 (6th 2004). Petitioner filed a Petition for Certiorari in the United States Supreme Court following the decision of the Sixth Circuit. The United States Supreme Court subsequently remanded the case to the Sixth Circuit for reconsideration in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

On remand, the Sixth Circuit re-instated its opinion rejecting Petitioner's Speedy Trial claim. It remanded to this Court for re-sentencing in light of *Booker*. *United States v. Dunbar*, 411 F.3d 668 (2005).

At re-sentencing this Court sentenced Petitioner to the mandatory minimum sentence of 120 months, because the Court believed *Booker* prevented the Court from engaging in any fact-finding with respect to the amount of drugs attributable to Dunbar. The government appealed, and in an unpublished opinion, the Sixth Circuit reversed and remanded for a second re-sentencing. (Order, *United States v. Dunbar*, Case No. 05-2738 (6th Cir. Oct. 4, 2006)(unpublished)).

At a re-sentencing held on February 7, 2008, the Court again sentenced Petitioner to the 120-month mandatory minimum for each count to run concurrently. The Court considered the factors set forth in 18 U.S.C. § 3553(a), in accordance with the Sixth Circuit's remand.

Neither the Government nor Petitioner filed a Notice of Appeal of the February 7, 2008 judgment. Instead, on September 23, 2008, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## II.     ANALYSIS

### A.     28 U.S.C. § 2255 Standard of Review

Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence.  *United States v. Jalili*, 925 F.2d 89, 893-94 (6th Cir. 1991).  Challenges must present the following: whether the sentence was imposed in violation of the Constitution or laws of the United States; whether the court was without jurisdiction to impose the sentence; whether the sentence was in excess of the maximum authorized by law; or an alternative collateral attack to the sentence.  *Id*.  "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

### B.     Speedy Trial Claim

Petitioner claims his right to a speedy trial was violated because he did not personally attend the Pretrial Conference before the Magistrate Judge, where he could have instructed his attorney not to request any adjournments, resulting in the dismissal of his case on speedy trial grounds.  Petitioner also claims than an alleged conflict of interest by his attorney at the pre-trial stage contributed to his claimed Speedy Trial violation.  Further, Petitioner claims that his second attorney was ineffective in his argument before the court on the Speedy Trial Act.  Finally, Petitioner claims that his third attorney was ineffective in failing to file a motion to dismiss under Fed. R. Crim. P. 29(c) on speedy trial grounds.  Petitioner's above arguments are no different than those presented to the Sixth Circuit in his direct appeal.  Because the appellate court already found these claims baseless, this Court declines to address them yet again.

The Sixth Circuit Court of Appeals has already addressed Petitioner's alleged Speedy Trial Act violations in a thorough published opinion, *Dunbar*, 357 F.3d at 590-97; *see also Dunbar*, 411 F.3d at 668. The instant petition is an attempt to re-litigate his Speedy Trial Act claim under the guise of an ineffective assistance of counsel claim. In *Stephan v. United States*, 496 F.2d 527 (6th Cir. 1974), the Sixth Circuit affirmed the district court's denial of relief on a § 2255 motion because Petitioner simply "reworded" the claims he made on direct appeal. Furthermore, "absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Pritchard*, 875 F.2d 789, 791 (10th Cir. 1989). In view of the foregoing, the Court finds no reason to disturb its prior sentence.

### III.   CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Docket No. 88, filed Sept. 12, 2008]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Case No. 08-13974]** is **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
Dated: September 14, 2009                United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager